UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CECILLE CLEMENT,<br><br>               Plaintiff,<br>v.<br>PETER LIK GALLERIES U.S.A., et al.,<br><br>               Defendant. | Case No. 2:17-cv-01630-APG-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1;<br>Mot. Sub. Counsel – ECF No. 11) |

This matter is before the court on Plaintiff Cecille Clement's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and Motion to Substitute Counsel (ECF No. 11). This Application and Motion are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Ms. Clement is proceeding in this civil rights action *pro se*, which means that she is representing herself without a licensed attorney. *See* LSR 2-1. On June 12, 2017, she commenced this action by filing a proposed complaint and requesting permission to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. However, on August 22, 2017, she remitted the full $400 filing fee. *See* Receipt of Payment (ECF No. 6). The Clerk of the Court therefore filed her Complaint (ECF No. 7) and issued summons. Accordingly, her request to proceed IFP will be denied as moot, and the court will not conduct screen the complaint.

On August 24, 2017, Clement filed a motion asking the court substitute Antonio Luis Freire in her place as counsel of record. She acknowledges that Mr. Freire is not a "B.A.R. certified attorney," but claims that "he has been vetted by Superior Court Judges." Mot. (ECF No. 11) at 1.[1] Ms. Clement asserts that Freire has established a "claim of right" right to operate in various

---

[1] The motion refers to a "claim of right" as attachment 1 and certificates of mailing as attachment 2; however, a notarized "power of attorney" form is the only document attached to the motion.

1

courts as a "private attorney general, a solicitor, a barrister, assistance of counsel, an advocate, next friend, a translator, a guardian ad litem, a general guardian, a conservator or as a general executor." *Id*. at 2. His "claim of right" has purportedly been established because no court has refuted his claim affidavit format as the claim demanded. A notarized "power of attorney" form attached to the motion is signed by Clement and purportedly appoints Mr. Freire to act as her attorney-in-fact. *See* Mot. Ex. (ECF No. ) at 1.

In Nevada courts, only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")—is duly authorized to represent a client. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285); *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (Nev. 1986) (citing SCR 77; NRS 7.285); *see also* SCR 42–72. Although an individual is entitled to represent himself or herself in court, non-attorneys are "not permitted to appear in court or participate in judicial proceedings as the legal representative of a party or another person." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011); *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (holding that no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts). An individual engages in the unauthorized practice of law when he engages in activities customarily performed by licensed attorneys. *In re Discipline of Lerner*, 197 P.3d 1067, 1071 (Nev. 2008). A person who engages in the unauthorized practice of law may face criminal charges. *Guerin*, 993 P.2d at 258.

Nevada law clearly prohibits Mr. Freire, a non-attorney, from representing Ms. Clement in this action. Clement cannot delegate her right to represent herself under SCR 44 to another person who is not a licensed attorney-even though she granted Freire a power of attorney. The power of attorney does not circumvent NRS 7.285's prohibition of the unauthorized practice of law. Nevada law unequivocally prevents Freire from representing Ms. Clement as a so called attorney-in-fact in a lawsuit. The court will therefore deny her motion.

Ms. Clement recently filed a Notice of Change of Address (ECF No. 5) indicating that Mr. Freire would be receiving mail on her behalf in Las Vegas, Nevada. However, the subsequently filed motion and power of attorney indicate that she resides in Aurora, Colorado. The Local Rules

require that a pro se party immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. *See* LR IA 3-1; LSR 2-2. Litigants are further warned that a "[f]ailure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1. The court will therefore order Ms. Clement to file a notice with the court by September 29, 2017, providing her current contact information and instruct the Clerk of the Court to mail a copy of this order to both addresses.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Cecille Clement's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED AS MOOT.
2. Ms. Clement's Motion to Substitute Counsel (ECF No. 11) is DENIED.
3. In accordance with LR IA 3-1 and LSR 2-2, Ms. Clement shall file a notice with the court by **September 29, 2017**, providing her current contact information.
4. The Clerk of the Court is directed to MAIL a copy of this Order to:

Cecille Clement
10705 East Exposition Place #301
Aurora, Colorado 80012

– and –

Cecille Clement
c/o Antonio Freire
3890 Cambridge Street #308
Las Vegas, NV 89119

Dated this 1st day of September, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3